J-A20003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIAL DONATIEN WANDJA | : | |
| | : | |
| Appellant | : | No. 87 MDA 2026 |

Appeal from the Judgment of Sentence Entered December 17, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-SA-0000180-2025

BEFORE:  LAZARUS, P.J., STABILE, J., and BENDER, P.J.E.

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED: AUGUST 14, 2026**

Martial Donatien Wandja appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following his failure to appear at a hearing on his summary appeal de novo of his conviction in Magisterial District Court for violating obedience to traffic control devices—hazardous conditions.[1]  We affirm.

On May 16, 2025, Wandja received a traffic citation for the above-cited offense after he "drove through fire police's direction to stop at an unreasonable speed[.]"  Traffic Citation, 5/16/25.  On July 3, 2025, a magisterial district justice convicted Wandja of the offense.  On August 14, 2025, Wandja filed a notice of summary appeal to the court of common pleas. Following a continuance, the court scheduled a hearing on Wandja's summary

---

[1] 75 Pa.C.S.A. § 3111.1(a).

appeal for December 17, 2025. By letter dated October 20, 2025, and mailed to the address provided by Wandja,[2] the Dauphin County District Attorney's Office notified Wandja of the date and time of the hearing. **See** Letter from Francis T. Chardo, District Attorney, 10/20/25. Wandja failed to appear for the hearing and the trial court sustained his conviction, dismissed his summary appeal, and imposed fines and costs in the amount of $150.00.

Wandja filed a timely notice of appeal. On January 23, 2026, the trial court issued an order directing Wandja to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, in which the court duly advised Wandja that "[a]ny issue not properly included in the [Rule 1925(b) statement] . . . shall be deemed waived." Order, 1/23/26. On February 4, 2026, Wandja filed a Rule 1925(b) statement which consisted, in its entirety, of the following:

> On this date August 3rd, 2025[,] around 7 pm, I was traveling to work and had to pass through a construction zone. The fire department was directing traffic due to a broken red light. I was waiting at the stop sign when a female construction worker gestured for me to go ahead, so I drove through the construction zone. There happened to be a police car parked in the area and that same police car had followed me, thus pulling me over. The police officer questioned me and wanted to know why I went through the construction zone. I informed the police officer that I was told by the female construction worker to proceed through. There seemed to have been a form of miscommunication at that time.

Pa.R.A.P. 1925(b) Statement, 2/4/26.

---

[2] **See** Petition to Proceed in Forma Pauperis—Affidavit, 7/14/25, at ¶ 3(a) (Wandja listing address as 4911 Locust Lane, Harrisburg, PA 17109).

Wandja raises the following claims for our review:

1. Whether the trial court violated [Wandja]'s due process rights by proceeding in [Wandja]'s absence after a change in the hearing date without adequate notice?

2. Whether the trial court abused its discretion by denying [Wandja] a meaningful opportunity to appear and defend against the charges?

Brief of Appellant, at 7 (unpaginated).

Prior to addressing the merits of the issues raised by Wandja, we must address whether he has preserved his appellate claims. It is well-settled that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **see also** Pa.R.A.P. 1925(b)(4)(vii) (explaining that issues not included in Rule 1925(b) statement are waived); **Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002) (any issues not raised in Rule 1925(b) statement are waived).

Here, Wandja's Rule 1925(b) statement consists of nothing more than a recitation of his version of the events leading to the issuance of his citation. Wandja identifies no alleged errors on the part of the trial court and, more specifically, fails to raise the two claims he now asserts in his brief. Accordingly, because Wandja did not preserve his appellate claims in his Rule 1925(b) statement, they are waived.[3] **See id.**

_____

[3] We also note that the argument section of Wandja's brief contains no citation to any relevant authorities in support of his claims. "This Court has repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review." **In re Estate of Schumacher**, 133 A.3d 45, 51 (Pa. Super. 2016). Accordingly, we could also find Wandja's claims waived for that reason.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>08/14/2026</u>